UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON S. BROWN,<br><br>　　　　Plaintiff<br><br>v.<br><br>DR. ADAMSON, et al.,<br><br>　　　　Defendants | Case No.: 3:21-cv-00500-MMD-CSD<br><br>**Order**<br><br>Re: ECF Nos. 38, 47 |

　　　Plaintiff, who is a pro se, inmate litigant, has filed an emergency motion and an amended emergency motion seeking injunctive relief relative to his Eighth Amendment claim for deliberate indifference to his serious medical needs. (ECF Nos. 38, 47.)

　　　The court screened Plaintiff's complaint and allowed him to proceed with an Eighth Amendment failure to protect claim against Fraley as well as an Eighth Amendment deliberate indifference to serious medical needs claim against Dr. Adamson and Dr. Marks. (ECF No. 7.) Plaintiff alleges that in June 2017, Fraley provided general population inmates at Lovelock Correctional Center (LCC) with access to softball bats and softballs to use during yard time, and then left the inmates unsupervised. The inmates began making wagers about whether they could hit fellow inmates with the ball. Plaintiff was hit in the left side of the face with a softball, and he had to be taken to the hospital where he alleges he was diagnosed with a shattered left orbital, fractured jaw/cheek, concussion, and severe swelling and bruising around an indented left temple. Plaintiff had to undergo surgery due to his injuries.

　　　Plaintiff alleges that in July 2017, he was transferred back to LCC, and he reported experiencing blurred vision and spots in his left eye, dizziness, tremors, brain fog, nausea,

twitching on the left side of his face and body, and ringing in his left ear. His symptoms continued to worsen over time, and at one point he passed out. He alleges that Dr. Adamson and Dr. Marks failed to provide him with adequate treatment for his condition.

In his first emergency motion for injunctive relief, Plaintiff states that he is in need of serious medical treatment due to ongoing and worsening vertigo, pressure migraines, eye sensitivity, neck stiffness, and other issues due to the brain injury he suffered (as a result of the softball incident). He states that he needs immediate diagnostic treatment for a possible brain tumor and/or swelling, and Defendants have not provided him with proper treatment. Plaintiff alleges Defendants have made it clear that treatment will only take place if he settles his case. Plaintiff seeks an order that Defendants be required to provide him with necessary medical treatment. As an aside, Plaintiff mentions that at a medical appointment on December 1, 2022, a medical provider said he could not do anything for Plaintiff as a result of his medical file missing documents related to his condition. (ECF No. 38.)

Defendants oppose Plaintiff's first emergency motion, asserting that Plaintiff was seen on December 1, 2022, regarding complaints of cold/flu symptoms, and there is no notation in the record that there were missing documents from Plaintiff's medical file. They further contend that Plaintiff did not provide the required meet and confer declaration required for an emergency motion, and he did not include points and authorities. Finally, they contend that his complaint of a possible brain tumor is unrelated to this action. (ECF Nos. 43, 45-1.)

Plaintiff subsequently filed an amended emergency motion which contains points and authorities. Plaintiff reiterates that as early as June 7, 2020, he began to plead for treatment but has been ignored, and as a result his condition has worsened. He seeks an order that he be transported to Northern Nevada Correctional Center (NNCC) for immediate treatment, and if the

neurologist contracted with NNCC is unavailable, that he receive treatment from an outside neurologist. Plaintiff further requests this all occur within two weeks of his arrival at NNCC. Plaintiff provides medical kites and grievances filed between June 12, 2020, and December 2021, where he has requested medical treatment for symptoms that appear related to those he suffered as a result of the softball incident. (ECF No. 47.)

Defendants also oppose the amended motion for injunctive relief. First, they assert that Plaintiff was seen on December 1, 2022, for symptoms related to a cold/flu, and not for complaints of a brain tumor or swelling in his head. Second, they again argue that Plaintiff did not satisfy the meet and confer requirement for an emergency motion. Finally, they contend that he does not provide a legal or factual basis to support the issuance of an injunction. (ECF No. 48.)

Defendants maintain that Plaintiff cannot show he is entitled to relief because he did not see a provider (on December 1, 2022) for symptoms related to his complaint. However, the medical kites and grievances submitted by Plaintiff indicate that Plaintiff has continued to complain of ongoing symptoms, to no avail. Defendants do not address Plaintiff's evidence. Nor did they provide the court with Plaintiff's relevant medical records for the court to determine whether Plaintiff has been seen and/or treated for the symptoms he claim stem from the softball incident.

Therefore, on or before **March 3, 2023,** Defendants shall file **under seal** Plaintiff's **relevant** medical records, medical kites and grievances from June 2020 to present. The Attorney General's Office shall ensure that Plaintiff is given a reasonable opportunity to review these records.

The court will then determine whether a hearing is necessary, which will likely require testimony from defendant Dr. Marks or Plaintiff's current treating provider within NDOC, or whether to issue a report and recommendation based on the briefing.

**IT IS SO ORDERED**.

Dated: February 23, 2023

_____
Craig S. Denney
United States Magistrate Judge