UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JASON S. BROWN,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>DR. ADAMSON, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 3:21-cv-00500-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

Plaintiff Jason S. Brown, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), sued prison employees and officials under 42 U.S.C. § 1983 for allegedly violating his Eighth Amendment rights arising out of an incident where other inmates hit a softball at him and hit him in the face, injuring his head and jaw. (ECF Nos. 7 (permitting Eighth Amendment claims for failure to protect and deliberate indifference to serious medical needs to proceed), 8 ("Complaint").) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Craig S. Denney (ECF No. 116), recommending the Court grant Defendants' pending motion for summary judgment because Brown failed to properly exhaust his administrative remedies (ECF No. 102 ("Motion")). Brown timely filed an objection to the R&R (ECF No. 117 ("Objection")) and Defendants responded to the Objection (ECF No. 118). Because the Court agrees in pertinent part with Brown that administrative remedies were effectively unavailable as to his deliberate indifference to serious medical needs claim, the Court will sustain the Objection and reject the R&R in part but accept Judge Denney's other key recommendation and grant summary judgment to Defendants on Brown's failure to protect claim. And after considering the remaining arguments in Defendants' Motion, the Court will deny it as to Brown's deliberate indifference to serious

medical needs claim.

## II. DISCUSSION

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's R&R, the Court is required to "make a de novo determination of those portions of the R&R to which objection is made." *Id.* Brown only objects to Judge Denney's recommendation that the Court grant summary judgment to Defendants Dr. Kim Adamson and Dr. Dana Marks on his deliberate indifference to serious medical needs claim because he failed to properly exhaust his administrative remedies as to that claim. (ECF No. 117 at 1-2.) Brown does not object to Judge Denney's recommendation to grant Defendant Richard Fraley summary judgment on Brown's failure to protect claim against him because Brown did not properly exhaust his administrative remedies as to that claim. (*Id.*; *see also* ECF No. 116 at 8-9 (making that recommendation).) The Court will accordingly review the recommendation as to the deliberate indifference to serious medical needs claim de novo, and the recommendation as to the failure to protect claim for clear error. *See* 28 U.S.C. § 636(b)(1); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). The Court begins with the failure to protect claim.

### A. Exhaustion - Failure to Protect

Judge Denney did not clearly err in recommending the Court grant Defendant Fraley summary judgment on Brown's failure to protect claim for failure to properly exhaust his administrative remedies because none of his initial grievances allege a failure to protect or something like it. (ECF No. 102-1.) Said otherwise, Brown did not put NDOC on notice that he sought to pursue a claim based on allegations that he was injured because Defendant Fraley left other inmates unsupervised with softballs and bats. And indeed, Brown does not object to this recommendation. (ECF No. 117.) The Court

accordingly accepts and adopts Judge Denney's recommendation as to the failure to protect claim. (ECF No. 116 at 8-9, 12.) Defendant Fraley is entitled to summary judgment on it.

### B.   Exhaustion - Deliberate Indifference to Serious Medical Needs

Judge Denney also recommends the Court grant summary judgment to Defendants Marks and Abramson on Brown's deliberate indifference to serious medical needs claim based on Brown's admission in response to the Motion that he filed this case 10 days before the 60 day period for NDOC officials to respond to his second level grievance. (ECF No. 116 at 9-11.) Brown objects to this recommendation, contending in pertinent part that Judge Denney should have found that his administrative remedies were effectively unavailable to him because NDOC officials never responded to his grievances at the informal and first levels. (ECF No. 117 at 3-6.)  In response, Defendants make the same point constituting the sole basis for Judge Denney's recommendation—Brown did not properly exhaust because, as he conceded in response to the Motion, he filed this lawsuit 10 days before the 60 day response deadline to his second level grievance lapsed. (ECF No. 118 at 5-6.)

On de novo review, the Court agrees with Brown's argument raised in his Objection. The evidence the parties and Judge Denney rely on is undisputed—it is Brown's grievance history attached to Defendants' Motion. (ECF No. 102-1.) And all the arguments and analysis regarding Brown's deliberate indifference claim are based on grievance 20063122650. (ECF Nos. 111 at 15, 116 at 9-11, 117 at 3-5, 118 at 6.) An examination of that grievance from the undisputed grievance history shows that Brown filed his informal grievance alleging violation of his Eighth Amendment rights for failure to adequately treat his symptoms stemming from getting hit in the face with a softball on June 1, 2021. (ECF No. 102-1 at 2.) On August 13, 2021, he filed a first level grievance, noting that he had not received a response to his informal grievance. (*Id.*) While Brown provides a different injury date than he did at the informal level, the Court reasonably infers he is complaining about the same thing because he refers to his informal grievance

and indeed NDOC linked the grievances in its system. (*Id.*) On October 18, 2021, Brown filed his second level grievance as to the same issue, noting within the grievance that he had also kited the grievance coordinator for a response and had received none. (*Id.*)

Like Brown argues it should in his Objection, the Court finds it dispositive that Defendants never responded to any of these grievances before he filed suit. (*Id.*; *see also* ECF No. 117 at 3-5 (arguing this fact means his administrative remedies were effectively unavailable).) Making Plaintiff wait more than 60 days after filing his second level grievance to file this lawsuit is unduly harsh and inconsistent with the governing law considering the undisputed fact that Defendants never responded to any of his grievances. For example, Judge Denney relies on *Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) to support his conclusion that Brown had to wait 10 more days before he filed suit (ECF No. 116 at 10-11), but Brown points out in his Objection that *Andres* better supports his argument that administrative remedies were effectively unavailable to him because Defendants never responded to any of his pertinent grievances (ECF No. 117 at 4-5). Indeed, in *Andres*, the United States Court of Appeals for the Ninth Circuit rejected the reasoning that Judge Denney adopted in the R&R in reliance on it, finding the plaintiff had exhausted even though time remained for the defendants to respond to his grievances at the time he filed suit because they had not timely responded to his grievances, rendering administrative remedies effectively unavailable. *See* 867 F.3rd at 1079.

The Ninth Circuit also reached similar conclusions in the majority of the other cases Judge Denney relies on in the pertinent section of the R&R. (ECF No. 116 at 10-11.) In *Saddozai v. Davis*, 35 F.4th 705, 710 (9th Cir. 2022) the Ninth Circuit found the district court "erred in dismissing [the plaintiff's operative complaint for lack of exhaustion[,]" because, while the plaintiff had indisputably filed his original complaint before he exhausted his administrative remedies, he had fully exhausted by the time he filed his operative third amended complaint, *see id.* at 708. Thus, while there is nothing inaccurate about the quotation Judge Denney used from *Saddozai*, the ultimate result of that case

4

supports Brown's argument in his Objection in that the Ninth Circuit permitted the plaintiff to proceed with a case initiated before the deadlines related to his administrative grievances lapsed.[1] *See id.* Similarly, while Judge Denney quoted, "[w]e need not and do not decide whether to adopt a bright-line rule that any delay in a prison's response to an inmate's grievance is sufficient to render administrative remedies unavailable" to reject Brown's argument that the grievance process was unavailable to him (ECF No. 116 at 10), the Ninth Circuit concluded that same paragraph with the sentence, "the prison's failure to respond to [the plaintiff's] emergency grievance over the course of several months rendered [the plaintiff's] administrative remedies unavailable." *Fordley v. Lizarraga*, 18 F.4th 344, 358 (9th Cir. 2021). *Fordley* accordingly also supports Brown's argument that administrative remedies were unavailable to him as to this claim because NDOC officials never responded to his pertinent grievances before he filed suit. In addition, the Ninth Circuit reversed the district court's dismissal of the plaintiff's claims for failure to exhaust and found the plaintiff had properly exhausted "despite failing to comply with a procedural rule" in *Reyes v. Smith*, 810 F.3d 654, 658 (9th Cir. 2016). The result of *Reyes* accordingly does not support the harsh conclusion Judge Denney drew from it and the other cases discussed in this paragraph. (ECF No. 116 at 11 ("result is admittedly harsh").) Respectfully, the Court reaches the opposite conclusion—the Court deems Brown to have exhausted his pertinent administrative remedies because they were effectively unavailable to him given Defendants' failure to respond to his grievances at either the informal or first level. *See Andres*, 867 F.3d 1076, 1079 ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies.").

Moreover, and as Brown also argues in his Objection (ECF No. 117 at 4), requiring

---

[1] *Vaden v. Summerhill*, 449 F.3d 1047 (9th Cir. 2006) better supports Judge Denny's analysis in the R&R but it is hard to square with the significantly more recent *Saddozai*, where the Ninth Circuit found the plaintiff had fully exhausted by the time he filed his operative complaint even though he had not at the time he filed his initial complaint, *see* 35 F.4th 705, 710. Said otherwise, the Ninth Circuit's holding in *Saddozai* at least significantly undermines the possibility that there may be a bright-line rule that a plaintiff cannot file a case until all grievance response deadlines have lapsed.

Brown to wait to file suit until more than 60 days after he filed his second level grievance is inconsistent with the Administrative Regulations ("AR(s)") in effect at the time given the undisputed fact that Defendants never responded to Brown's pertinent grievances at the two lower levels. (ECF No. 102-1 at 2.) Those ARs required Brown to file an appeal to the next level within five days of receiving a response. (ECF No. 111-2 at 10-11.) But he never received a response at either level. He nonetheless appealed after waiting more than 60 days at the two lower levels. (ECF No. 102-1 at 2 (including dates enabling this calculation).) It cannot be right that Brown was expected to wait indefinitely to get responses that were not forthcoming, especially considering that the ARs impose time limits on NDOC to respond at each level. (ECF No. 111-2 at 10-12.) These details about the pertinent ARs further support the Court's conclusion that administrative remedies were effectively unavailable to Brown as to his deliberate indifference claim.

In sum, on de novo review, the Court respectfully rejects Judge Denney's recommendation that the Court grant summary judgment to Adamson and Marks on Brown's deliberate indifference claim for failure to exhaust administrative remedies. The Court instead deems him to have exhausted his administrative remedies as to that claim because they were effectively unavailable to him given Defendants' nonresponse to his grievances.

Judge Denney reasonably did not address the other arguments Defendants raised in their Motion as to Brown's deliberate indifference claim because he concluded Brown had not properly exhausted. The Court accordingly considers those other arguments de novo and addresses them below.

**C.    The Motion**

Brown alleged in some of his grievances and his Complaint that he was hit in the face with a softball in June 2017 (ECF Nos. 8 at 1, 102-1 at 2) but the medical records filed by Defendants establish it happened in June 2018 (ECF Nos. 103-1 (sealed) at 6, 103-2 (sealed) at 17, 103-3 (sealed) at 2, 11-19, 103-4 (sealed) at 39-40) and Brown swears to this in a declaration attached to his opposition to the Motion (ECF No. 111-1 at

1-2). Defendants seek exclusion of Brown's declaration under the sham affidavit rule because of the contradictory dates of injury he has provided as this case has progressed. (ECF No. 114 at 2-7.) Defendants otherwise argue the contradiction between the injury dates, "makes it appear the entire Complaint is a work of fiction." (ECF No. 102 at 16.)

These arguments are unpersuasive because an inability to correctly remember and recite dates is consistent with the sort of head injury Brown swears he continues to suffer from (ECF No. 111-1 at 1-2), and the medical records that Defendants proffer establish Brown was injured on June 21, 2018 (ECF Nos. 103-1 (sealed) at 6, 103-2 (sealed) at 17, 103-3 (sealed) at 3, 11-19, 103-4 (sealed) at 39-40). Arguing Brown may never have been hit in the face with a softball when medical records you filed with the Court show he was reflects either unintentional error or something more nefarious. (*See id.*) Relatedly, making much of Brown now agreeing he was hit in the face in June 2018 when the records you filed are consistent with that sworn statement constitutes neither a reason to exclude his declaration under the sham affidavit rule nor a genuine dispute of material fact. It is instead an illumination through negative space of what a genuine dispute of fact might be—an example of that rare thing, a dispute of fact that is not genuine. Defendants' counsel's failure to either review or accurately describe their own proffered medical records before devoting substantial time to these related arguments in briefing is concerning, particularly because Judge Denney noted similar concerns regarding predecessor counsel in his order recommending the Court grant Brown's motion for injunctive relief. (ECF No. 65 at 6-9, 17-18.) The Court declines to exclude Brown's affidavit (ECF No. 111-1) and finds that he was hit in the face with a softball on June 21, 2018.

Having made this key ruling and found this key fact not subject to genuine dispute, Defendants' other arguments raised in their Motion become easier to resolve. Defendants first argue that Brown's deliberate indifference to serious medical needs claim is barred by the applicable statute of limitations. (ECF No. 102 at 15.) But this argument is based on the injury having occurred in 2017 and does not grapple with the fact that Brown

7

alleges deliberate indifference to the symptoms that developed over time after he was hit in the face with a softball. (*Id.*; *see also* ECF No. 8 at 7-11.) The Court accordingly declines to grant Defendants summary judgment on Brown's deliberate indifference to serious medical needs claim based on Defendants' statute of limitations argument.

On the merits of Brown's deliberate indifference claim, Defendants argue that Adamson should be dismissed from this case because he retired, and Marks was not deliberately indifferent to Brown's symptoms because he tried but failed in diagnosing the cause of Brown's ongoing symptoms, and even negligence is insufficient to demonstrate deliberate indifference. (ECF No. 102 at 15-17.) Brown counters that Adamson treated him for a couple of years before he retired but never referred him to a specialist even though he acknowledged determining the source of Brown's persistent symptoms was outside his area of expertise, and that Marks similarly referred him to specialists to aid in his diagnosis, but Brown never saw those specialists until after Judge Denney ordered Defendants to schedule the appointments as part of this case. (ECF No. 111 at 18-22.) The Court agrees with Brown that Defendants have not shown they are entitled to summary judgment on the merits of this claim.

The NDOC "must be able to treat medical problems or to refer prisoners to others who can." *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982). Brown swears that neither Adamson nor Marks did when they were unable to diagnose the source of his ongoing symptoms. (ECF No. 111-1 at 3-5.) Marks conceded he was not sure whether Brown ever saw the specialists Marks referred Brown to. (ECF No. 102-5 at 40-42.) Similarly, Adamson could not recall whether he referred Brown to a specialist. (ECF No. 102-4 at 56-57, 69.) The Court accordingly finds this evidence, when viewed in Brown's favor, "demonstrates the existence of a genuine issue of material fact as to whether" Adamson and Marks' apparent failure to refer Brown to specialists (and related failure to follow up to make sure he saw those specialists) constituted deliberate indifference to his serious medical needs consisting of the pain, migraines, vison issues, nausea and other symptoms that Brown contends are linked to being hit in the face with a softball back in

1 June 2018. *Jett v. Penner*, 439 F.3d 1091, 1097 (9th Cir. 2006). The Court denies Defendants' Motion to the extent it contends otherwise.

Defendants finally contend they are entitled to qualified immunity because "[t]here is nothing in this case that would have put Defendants on clear notice that they were in violation of Brown's Eighth Amendment right against deliberate indifference to a serious medical need by working unceasingly to arrive at a diagnosis for Brown." (ECF No. 102 at 19.) Brown counters it was clearly established that Adamson and Marks had to refer him to a specialist if they could not diagnose what is wrong with him. (ECF No. 111 at 23-24.) The Court again agrees with Brown.

*Hoptowit*, which states that prison doctors "must be able to treat medical problems or to refer prisoners to others who can" was decided in 1982. 682 F.2d at 1253. The apparent core of Brown's claim against Adamson and Marks is that they should have referred him to specialists, but they did not. Considering *Hoptowit*, this right was clearly established, and Marks and Adamson are not entitled to summary judgment on Brown's deliberate indifference claim against them based on their qualified immunity argument.

In sum, Defendants' Motion is denied to the extent it contends that Marks and Adamson are entitled to summary judgment on Brown's Eighth Amendment deliberate indifference to serious medical needs claim against them.

### III. CONCLUSION

It is therefore ordered that Brown's Objection (ECF No. 117) to Judge Denney's Report and Recommendation (ECF No. 116) is sustained.

It is further ordered that Judge Denney's Report and Recommendation (ECF No. 116) is accepted in part, and rejected in part, as specified herein.

It is further ordered that Defendant Richard Fraley is entitled to summary judgment on Brown's Eighth Amendment failure to protect claim against him.

It is further ordered that Defendants' motion for summary judgment (ECF No. 102) is granted in part, and denied in part, as specified herein.

It is further ordered that Brown is proceeding on his Eighth Amendment deliberate

1 | indifference to serious medical needs claim against Adamson and Marks only.

2 | It is further ordered that the Court finds it appropriate to refer this case for a
3 | settlement conference under LR 16-5 before United States Magistrate Judge Craig S.
4 | Denney.

5 | It is further ordered that, if this case does not settle at the settlement conference,
6 | the Joint Pretrial Order is due within 30 days of the settlement conference being held.

7 | DATED THIS 21st Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE