AARON D. FORD
  Attorney General
LEO T. HENDGES (Bar No. 16034)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way
Suite 100
Las Vegas, Nevada 89119
(702) 486-3795 (phone)
(702) 486-3768 (fax)
Email: lhendges@ag.nv.gov

*Attorneys for Defendants*
*Dr. Kim Adamson*
*and Dr. Dana Marks*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JASON BROWN, <br><br> Plaintiff, <br><br> v. <br><br> DR. ADAMSON, et al., <br><br> Defendants. | Case No. 3:21-cv-00500-MMD-CSD <br><br> ORDER GRANTING <br><br> **MOTION TO VACATE ORDER SETTING SETTLEMENT CONFERENCE (ECF NO. 121) FOR LACK OF JURISDICTION** |

Defendants, Dr. Kim Adamson and Dr. Dana Marks, by and through counsel, Aaron D. Ford, Nevada Attorney General, and Leo T. Hendges, Senior Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby move this Court to Vacate the Order setting Settlement Conference (ECF No. 121) based on Defendants' interlocutory appeal (ECF No. 122) of this Court's order denying summary judgment in part, because of Defendants' entitlement to qualified immunity (ECF No. 120).

### MEMORANDUM OF POINTS AND AUTHORITIES

**I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY**

This Court issued an Order denying in part Defendants' motion for summary judgment, including a denial of qualified immunity. ECF No. 120 at 6:23-9:18. Defendants have filed an interlocutory appeal of this Order denying qualified immunity. ECF No. 122.

This Motion to vacate the settlement conference (ECF No. 121) set for Monday March 31, 2025, based on the filing of that interlocutory appeal follows as the filing of the appeal divested this Court of jurisdiction to hold the conference.

## II. APPLICABLE LAW

The Supreme Court has found "the reasoning that underlies the immediate appealability of an order denying absolute immunity indicates to us that the denial of qualified immunity should be similarly appealable." *Mitchell v. Forsyth*, 472 U.S. 511, 526-27 (1985). This is true because, "in each case, the district court's decision is effectively unreviewable on appeal from a final judgment." *Id.* at 527. The Ninth Circuit has adopted the rule that "where, as here, the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed to trial." *Chuman v. Wright*, 960 F.2d 104 (9th Cir. 1992). The district court is automatically divested of jurisdiction unless there is a written certification by the court that the claim of qualified immunity is frivolous. *Id.*

Under *Coinbase, Inc. v. Bielski,* 599 U.S. 736, 744 (2023), *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982), *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982), *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996), and *Mitchell*, the district court is divested of jurisdiction over all "aspects of the case involved in the appeal" (*Griggs*, 459 U.S. at 58), and gives Defendants the "right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery" (*Behrens*, 516 U.S. at 308), and the district court is therefore required to stay its proceedings (*Coinbase*, 599 U.S. at 744). This expansive rule was recognized by the Ninth Circuit in *Moore v. Brewster*, 96 F.3d 1240 (9th Cir. 1996), which held that by "filing the notice of appeal, [a party] divested the district court of its jurisdiction **_over the matter_**." *Id.* at 1246 (emphasis added; superseded by statute on other grounds).

## III. ARGUMENT TO VACATE SETTLEMENT CONFERENCE

### A. The Appeal Automatically Divests This Court Of Jurisdiction

Defendants have filed an interlocutory appeal based on the denial of qualified immunity. ECF No. 122. This appeal automatically divests this Court of jurisdiction

because orders denying qualified immunity are immediately appealable and there has been no written certification that the qualified immunity claim is frivolous. *Mitchell*, 472 U.S. at 526-27; *Chuman*, 960 F.2d at 104.

### B. This Court Must Vacate The Settlement Conference

Following the decision on Defendants' motion for summary judgment, the only claims remaining for trial are under appeal to the Ninth Circuit. ECF No. 120 at 6:23-9:18; ECF No. 122. As outlined in section II above, this Court lacks jurisdiction over the matter based on Defendants' filing of a notice of appeal. The notice of appeal was filed after this Court scheduled the settlement conference. *Compare* ECF Nos. 121, 122. This intervening change, which occurred after this Court scheduled the settlement conference, requires the settlement conference be vacated. This Court cannot hold a settlement conference over claims that it lacks the jurisdiction to resolve.

### IV. CONCLUSION

The filing of Defendants' interlocutory appeal based on qualified immunity has divested this Court of jurisdiction over the claims which remain in this lawsuit, and the settlement conference scheduled for March 31, 2025, must be vacated as this Court was divested of jurisdiction when the appeal was filed.

DATED this 3rd day of February, 2025.

AARON D. FORD
Attorney General

By: /s/ Leo T. Hendges
LEO T. HENDGES (Bar No. 16034)
Senior Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED.

DATED: February 3, 2025.

_____
Craig S. Denney
United States Magistrate Judge